## FRANCIS A. REITZ, PLAINTIFF, *v.* FRANCIS J. REITZ, DEFENDANT.

*Resulting trust — misapplication of funds by agent — action for — statute of limitation.*

Where an agent uses money of his principal to purchase land in his own name, the right of action by the principal is, in the absence of fraud, barred at the expiration of six or ten years.

An agency is not such a technical trust as to prevent the application of the statute of limitation.

MOTION by defendant for a new trial, under section 1001 of the Code of Civil Procedure, after the filing of a report of a referee, deciding the issue in favor of the plaintiff, and directing an accounting.

It was claimed by the plaintiff, and found by the referee, that in 1854, the mother of plaintiff and defendant entrusted certain moneys to the care and management of the defendant; and that he, with such moneys, purchased certain lots on Myrtle avenue, in the city of New York, and took the title in his own name. That afterwards, and with her consent and that of the plaintiff, he erected buildings thereon and received the rents thereof. The mother died intestate in 1866, leaving plaintiff and defendant her only children.

The referee found that defendant held the title to the lots for the several use and benefit of himself and the plaintiff, and required him to render an account.

*Homer A. Nelson,* for the appellant.

*L. K. Church,* for the respondent.

BARNARD, P. J.:

I think the findings are insufficient to support the relief granted by the referee, for two reasons:

First. There is no finding that the defendant took the deed of the Myrtle avenue property in his own name without the knowledge of his mother, whose moneys were used to pay the consideration. If the defendant had taken his mother's money and had

paid therewith the consideration of the purchase, upon the agreement that he would take the title in her name, it would be a case where a trust would result to her. In the absence of such a finding, the relief granted must rest upon the principle that whenever one buys land for himself with the money of another person, taking the deed in his own name, a trust results to the owner of the money in the land. I do not suppose such a principle can prevail under our statutes as to resulting trusts.

In the second place, the claim is barred by the statute of limitations. Plaintiff has no right, except as heir-at-law of his mother, who is deceased. Assuming that the plaintiff in 1854 used the moneys in his hands, as agent of his mother, with which to buy the lands in question, taking the deed in his own name, in the absence of fraud, Mrs. Reitz's cause of action would expire in six or ten years. (Code of Civil Procedure, §§ 382, 388.) Mr. Reitz died in 1866. An agency is not such a technical trust as to prevent the application of the statute of limitations. (*Renwick* v. *Renwick*, 1 Bradford, 234; *Murray* v. *Coster*, 20 J. R., 576; *Lillie* v. *Hoyt*, 5 Hill, 396; 4 Mass. C. C. R., 152; Angell on Limitations, 186.)

I think a new trial should be granted, order of reference vacated, and the case sent to the Special Term for trial, costs to abide event.

GILBERT and DYKMAN, JJ., concurred.

Motion for new trial granted, with costs to abide event, and order of reference vacated.